GEORGE W. C. DRUMM, Appellant, v. ALBANY GARAGE COMPANY, Respondent.

*Sales — action to recover back money paid for automobile on ground of fraud in sale.*

Appeal from a judgment of the Albany County Court, entered in the Albany county clerk's office on the 18th day of January, 1921, affirming a judgment of the City Court of Albany, dismissing the complaint, and awarding judgment in favor of the defendant against the plaintiff for the counterclaim interposed by the defendant.

Judgment affirmed, with costs. All concur, except Kiley, J., dissenting with a memorandum.

KILEY, J. (dissenting): This case was tried upon oral pleadings. That it was tried upon the proper theory, but considered and decided upon the wrong theory, appears from the evidence and the opinion of the trial court. The plaintiff swore that on the way from the garage to the house to show the car to his wife, and before any final agreement for sale and purchase had been made, defendant said that the car should be fixed up and put in first-class running order. This is not denied nor explained in any way by the defendant. Neither is it denied that defendant's agent told plaintiff that what he was asked to sign was an order to show to the president of defendant that the car had been sold. The promise to put the car in running order was made for the purpose of inducing the plaintiff to make the purchase and sign the order, much of which was filled in after the plaintiff's signature had been obtained. Understand none of this evidence is denied by the defendant, who relies on the words " as is " after the words " price of car " in order, to defeat plaintiff's claim. The trial court finds that those representations were made to the plaintiff; that they were true, and that the defendant never put the car in running order and never fixed it as it was agreed it should be fixed before the plaintiff was required to accept it, and that the car was never accepted or delivered. This condition of affairs fills out a picture of one of those questionable transactions, where a man, a greenhorn so far as automobiles are concerned, has been induced to part with his hard-earned money, and receives nothing in return but a so-called gold brick. The following extracts from the opinion of the trial

court show the mistaken theory upon which it was decided. "We come, therefore, to the question: Can this court consider as the contract of the parties the conversations and negotiations leading up to the execution of the written order together with the writing, or must consideration of the conversations and oral negotiations be excluded and the judgment in this action based upon the contract made by the writing and the acceptance by the defendant as evidenced by its offer to deliver." Of course the trial court could not consider the "conversations and negotiations" as a part of the contract or the order, and the evidence does not show any such conclusion necessary; but it does show that these misrepresentations were made to induce plaintiff to enter into the contract and that they were misrepresentations. No weight is given this phase of the evidence by the trial court. As to the question of delivery, the car was never delivered to the plaintiff when he could accept it as complying with defendant's promises and representations. It will be recalled that a final date was fixed by defendant when plaintiff. was to have the car as represented, weeks after he paid his money; and when he went after it, it was down, taken apart and scattered around the room. The defendant cannot claim any virtue for his previous offers of delivery — this one was fixed and definite, and it is not denied that the car was impossible of delivery on that day. The evidence leads to the irresistible inference that defendant appreciated that the plaintiff had been overreached when his signature to the order was obtained. The efforts made by defendant to get the car into plaintiff's possession without disclosing its trump card, is obvious without further comment, except to observe that at no time during the two weeks when the dispute was pending, did it once say to plaintiff, you are bound by your written contract. Again the trial court shows upon what theory the case was considered, when he says in his opinion: "I do not see how the case could be brought within the rule which upholds a parol collateral agreement made prior to or contemporaneous with the written agreement but not inconsistent with or affecting its terms." Neither does any one else upon the theory upon which the evidence was considered. Fraud and misrepresentation are inconsistent with any valid contract. This action was tried upon the theory. that the contract to purchase, be it oral or written, was procured by misrepresentation and was, therefore, void and plaintiff was entitled to a judgment for the money he had paid. The same provision is made for considering appeals from inferior courts that obtains on appeals from courts of record as provided by section 1317 of the Code of Civil Procedure. (See Code Civ. Proc. §§ 3063, 3213, 3214.)* If there ever was an appeal where injustice to the defeated party in the court below stands out more prominently than on this appeal, it has never come to my attention either through experience or observation. The practice should not receive judicial sanction. I favor reversal, with costs.

* See Albany City Court Act (Laws of 1910, chap. 603), §§ 16, 285, 300 (301), 388, as amd. by Laws of 1914, chap. 368.—[Rep.